CJ-2024-4771
Dishman

IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| **HYBRID LIFE LLC,** | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | |
| | ) | CJ - 2024 - 4771 |
| PLAINTIFF, | ) | Case No.: FILED IN DISTRICT COURT |
| | ) | OKLAHOMA COUNTY |
| v. | ) | |
| | ) | JUL 2 5 2024 |
| **STATE OF OKLAHOMA *EX REL* THE** | ) | RICK WARREN |
| **OKLAHOMA MEDICAL MARIJUANA,** | ) | COURT CLERK |
| **AUTHORITY,** | ) | 50 _____ |
| | ) | |
| DEFENDANT. | ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW the Plaintiff, **HYBRID LIFE, LLC**, by and through his attorney of record, Jesse C. Kovacs of the WIRTH LAW OFFICE, and for its cause of action against Defendant, **STATE OF OKLAHOMA *EX REL* THE OKLAHOMA MEDICAL MARIJUANA AUTHORITY**, states and avers as follows:

### PARTIES, JURISDICTION, VENUE, & STANDING

1. Plaintiff, **HYBRID LIFE, LLC**, is a limited liability company formed and residing in Oklahoma County, Oklahoma.

2. Defendant, **STATE OF OKLAHOMA *EX REL* THE OKLAHOMA MEDICAL MARIJUANA AUTHORITY**, is a domestic state entity/political subdivision.

3. The events which gave rise to this action occurred in Oklahoma County, Oklahoma.

4. Plaintiff has standing pursuant to Okla. Stat. tit. 51, § 153.

5. This Court has proper jurisdiction, and venue is proper in Oklahoma County, pursuant to Okla. Stat. tit. 12, § 133.

Exhibit 2

## STATEMENT OF FACTS

6.  On July 26, 2022, Plaintiff originally submitted an application for a commercial grower license ("Application # 10181") to the Defendant.

7.  On July 26, 2022, Plaintiff also originally submitted an application for a commercial processor license ("Application # 10408") to the Defendant.

8.  On August 31, 2022, Defendant rejected Plaintiff's Application # 10181.

9.  On September 1, 2022, Defendant rejected Plaintiff's Application # 10408.

10. In September 2022, Plaintiff timely resubmitted both Application # 10181 and Application # 10408 to the Defendant.

11. On January 19, 2023, the Defendant once again rejected both Plaintiff's Application # 10181 and Application # 10408.

12. On January 27, 2023, Plaintiff timely resubmitted both Application # 10181 and Application # 10408 to the Defendant.

13. On May 1, 2023, Plaintiff submitted a contact form to the Defendant to inquire as to the status of its applications, but no response was ever received.

14. Plaintiff received no updates or information regarding their applications until nearly one year after the most recent resubmission, on January 11, 2024.

15. On January 11, 2024, the Defendant denied Application # 10181, falsely alleging that the Plaintiff lacked ownership or lawful possession of the proposed licensed premises.

16. On January 11, 2024, the Defendant denied Application # 10408, falsely alleging that the Plaintiff lacked ownership or lawful possession of the proposed licensed premises.

17. The Defendant did not provide Plaintiff any opportunity to rectify or resubmit either application, nor to challenge the Defendant's incorrect conclusion as to the Plaintiff's ownership of the licensed premises.

18. Prior to the denials of January 11, 2024, the Defendant never raised any issue, with either application, with respect to the Plaintiff's ownership of the licensed premises.

**Exhibit 2**

19. Plaintiff timely filed a Governmental Tort Claims Act ("GTCA") Claimant's Report with the Oklahoma Office of Management and Enterprise Services on May 16, 2024.

20. On June 5, 2024, the Office of the Oklahoma Attorney General denied Plaintiff's GTCA claim.

## CAUSES OF ACTION

### COUNT ONE – NEGLIGENCE

21. Paragraphs 1-20 are incorporated herein by reference.

22. The Defendant owes a statutory duty to applicants, including Plaintiff, to process commercial license applications within ninety (90) business days.

23. The Defendant owes a statutory duty to applicants, including Plaintiff, to allow them to rectify and resubmit rejected applications, particularly when an application is rejected for novel reasons which the applicant has not had the opportunity to address.

24. The Defendant breached the duty owed to Plaintiff when it failed to process its applications within ninety (90) business days.

25. The Defendant breached the duty owed to Plaintiff when it outright denied Plaintiff's applications for reasons that were false and declined to provide Plaintiff any opportunity to address, rectify, and resubmit its applications.

26. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages, including but not limited to the forfeiture of associated application fees, the costs associated with preparing operations, and the lost capital investment in the business.

### COUNT TWO – UNJUST ENRICHMENT

27. Paragraphs 1-26 are incorporated herein by reference.

28. Plaintiff impoverished itself and conferred a benefit on the Defendant in the form of application fees, which Defendant received.

29. The application fees were paid to Defendant in exchange for the timely, correct, and fair processing of its applications.

**Exhibit 2**

30. Defendant failed to timely process Plaintiff's applications.

31. Defendant ultimately denied Plaintiff's applications for reasons that were false and to which Plaintiff was not provided any opportunity to respond.

32. It would be unjust under the circumstances for the Defendant to retain the benefit of the application fees.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, providing Plaintiff with relief, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing this suit, punitive damages, reasonable attorney fees and costs pursuant to Okla. Stat. tit. 12, § 936 (2011), and all other relief deemed appropriate by this Court.

Respectfully submitted,

**WIRTH LAW OFFICE**

*[signature]*

Jesse C. Kovacs, Esq., OBA #35033
2615 E. 15th Street
Tulsa, OK 74104
(918) 932-2800
(918) 932-2900 (Fax)
www.wirthlawoffice.com

**ATTORNEYS LIEN CLAIMED**
**JURY TRIAL DEMANDED**

**Exhibit 2**